UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THE UNITED STATES OF AMERICA,         17-CR-00025-RJA-MJR
                                                     DECISION AND ORDER

    -v-

KEVIN ALLEN, JR.
                Defendant.
_____

This case has been referred to the undersigned by the Hon. Richard J. Arcara pursuant to 28 U.S.C. §636(b)(1) for all pre-trial matters.

## BACKGROUND

On January 26, 2017, a federal grand jury in the Western District of New York returned a two count Indictment against Kevin Allen, Jr. ("defendant" or "Allen"). (Dkt. No. 6). Allen is charged with Assaulting Federal Officers (in violation of 18 U.S.C. §§111(a) and 111(b)) and Injuring Government Property (in violation of 18 U.S.C. §1361). Presently before the Court are Allen's pre-trial motions for: (1) a bill of particulars; (2) discovery and inspection pursuant to Federal Rule of Criminal Procedure 16; (3) disclosure of evidence pursuant to Federal Rules of Evidence 404(b), 608 and 609; (4) disclosure of expert witnesses and compliance with Federal Rules of Evidence 702, 703 and 705; (5) an evidentiary hearing to determine admissibility of statements; (6) early disclosure of Jencks Act material; (7) disclosure of *Brady* and *Giglio* material; and (8) leave to make further motions. The Government responded to defendant's pre-trial motions on October 10, 2017. (Dkt. No. 25). The Government's response included a cross-motion for reciprocal discovery. (*Id.*). The Court heard oral argument on October

31, 2017 and considered the matter submitted. The Court will address each motion in turn.

## DISCUSSION

I. *Bill of Particulars*

Allen requests a bill of particulars with respect to Count One and Count Two of the Indictment. (Dkt. No. 18, pgs. 2-3). As to the charge in Count One of Assaulting Federal Officers, Allen seeks the names of the officers and a specific description of the assault, injuries and treatment. He also seeks the date, time and location of the incident, and the "events" the Government intends to rely on at trial. As to the charge in Count Two of Injuring Government Property, defendant seeks particularization of the specific property damaged and how defendant caused the damage. He asks for the date, time, and location of the damage and the cost to repair the property.

Federal Rule of Criminal Procedure 7(f) "permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). "A bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) (internal quotation marks and citation omitted). A bill of particulars is not a discovery device to be used to compel disclosure of the government's evidence prior to trial. *See United States v. Persico*, 621 F. Supp. 842, 868 (SDNY 1985). Indeed, the government is not required to reveal "the precise manner in

which the crime charged in the indictment is alleged to have been committed, nor the exact time and place and persons present at overt acts named in the indictment." *United States v. Biaggi*, 675 F. Supp. 790, 809 (SDNY 1987) (internal quotation marks and citations omitted).

The Court "has the discretion to deny a bill of particulars 'if the information sought by defendant is provided in the indictment or in some acceptable alternate form.'" *United States v. Barnes*, 158 F.3d 662, 665 (2d Cir. 1998) (quoting *Bortnovsky*, 820 F.2d at 574); *see also United States v. Messina*, No. 11-CR-31(KAM), 2012 WL 463973, at *10 (E.D.N.Y. Feb. 13, 2012) ("In determining whether a defendant has shown [the] necessity [for a bill of particulars], the trial court must examine the totality of the information available to the defendant, including the indictment and general pre-trial discovery.") (internal quotation marks and citation omitted). "The decision of whether or not to grant a bill of particulars rests within the sound discretion of the district court." *Bortnovsky*, 820 F.2d at 574.

Here, a bill of particulars is not warranted because the charges are not complex, they occurred on a single date and time, and defendant has been plainly advised as to the nature of the crimes charged. The Indictment alleges that on November 1, 2016, Allen, through use of a motor vehicle, forcibly assaulted, resisted, opposed, impeded, intimated, and interfered with Deputies of the United States Marshal Service while they were engaged in their official duties. It is further alleged that defendant willfully injured government property by "smashing his vehicle into United States Marshal Service vehicles" and causing damage in excess of $1,000. The Government provided, in discovery, the U.S. Marshal Service incident report regarding surveillance and arrest of

defendant, photographs of defendant, photographs of the vehicles involved, repair shop estimates, insurance invoices and estimates, and a New York State police accident report.[1] The information in the Indictment, together with the discovery materials, will allow Allen to adequately prepare his defense and avoid prejudicial surprise and double jeopardy concerns. *Bortnovsky*, 820 F.2d at 574. Indeed, it appears that much of the information defendant seeks in a bill of particulars has already been provided. Allen's request for additional information as to exact manner of the alleged assault as well as an accounting of the alleged damages boils down to a request for "the precise manner in which the crime[s] charged in the indictment [are] alleged to have been committed", which is outside the ambit of a bill of particulars. *See United States v. Andrews*, 381 F.2d 377, 377-78 (2d Cir. 1967). Accordingly, defendant's motion for a bill of particulars is denied.

II. *Discovery and Inspection*

Defendant moves for discovery and inspection pursuant to Federal Rule of Criminal Procedure 16. (Dkt. No. 18, pgs. 3-9). Rule 16(a) requires the government to disclose certain evidence and information upon request of defendant. While Rule 16 was intended to provide for liberal discovery, a defendant is not entitled to discovery of "the entirety of the government's case against him." *United States v. Percevault,* 490 F.2d 126, 130 (2d Cir. 1974). Rule 16 provides that a defendant is entitled to the following: (1) a defendant's written, recorded or oral statements in the possession of the government; (2) the defendant's prior record; (3) documents, objects, books, papers, photographs, etc. that will be used during the government's case-in chief; (4) reports of examinations or

---

[1] The Government notes that defendant requests particularization as to the injuries inflicted on each federal officer by the defendant. However, the Indictment does not allege injury to any federal officer.

4

tests; (5) and information about expert witnesses in accordance with Federal Rules of Evidence 702, 703 and 705.  *See* Fed. R. Crim. P. 16(a)(1).  Rule 16 specifically exempts from disclosure "reports, memorandum, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case."  *See* Fed. R. Crim. P. 16(a)(2).  Rule 16 also exempts from disclosure statements made by prospective government witnesses except as provided in Section 3500 of Title 18 of the United States Code.  *Id.*  Finally, Rule 16 does not apply to grand jury recordings except as provided in Rules 6, 12(h), 16(a)(1), and 26.2.  *See* Fed. R. Crim. P. 16(a)(3).

Here, the Government indicates that it has provided all discovery required by Rule 16, or made such discovery available for inspection by defense counsel.  Specifically, the Government states that it provided defendant copies of documents, recordings and tangible objects which the Government anticipates using in its case-in-chief at trial, are material to preparing a defense, or were obtained from defendant.  The Government further indicates that it will provide defendant's criminal history.[2]  The Government also provided notice, in accordance with Federal Rule of Criminal Procedure 12(b)(4)(A), that it intends to use, at trial, all items of evidence that defendant has been provided with or made aware of.  The Government acknowledges that it is aware of its ongoing obligations under Rule 16, and that it will disclose any additional Rule 16 material that becomes known to the Government.

---

[2] In its response brief to defendant's pre-trial motions, the Government states that it has "already provided the defendant's statements."  However, during oral argument counsel for the Government indicated that this was an error, and that the Government is not aware of any statements made by defendant.

Based upon the Government's representations as to its compliance with Rule 16, defendant's request for discovery pursuant to Rule 16 is denied as moot.[3] The Government is reminded that its disclosure obligations continue up through and during trial. *See* Fed. R. Crim. P. 16(c).

III.  *Disclosure of Evidence under Rules 404(b), 608 and 609*

Defendant moves for disclosure of any evidence of prior crimes or bad acts the Government intends to introduce at trial pursuant to Federal Rule of Evidence 404(b). (Dkt. No. 18, pg. 9). Defendant also moves for pretrial disclosure of impeachment evidence pursuant to Federal Rules of Evidence 608 and 609. (*Id.*). The Government states that the request is premature, and that it will disclose any evidence in its possession which might fall under the ambits of Rules 404(b), 607, 608, and 609 at the time it is ordered to do so by the trial court. The Government also preliminarily notified defendant that it intends to introduce at trial all prior criminal conduct or wrongs for the purpose of showing motive, opportunity, intent, preparation, plan, knowledge, identity, and the absence of mistake or accident.

The Government is required to provide "reasonable notice in advance of trial" of the general nature of prior uncharged crimes or bad acts it intends to introduce against a defendant. *See* Fed. R. Evid. 404(b). Federal Rule of Evidence 608 does not contain the same pretrial notice requirement. Based upon the Government's representation that

---

[3] Some requests by defendant in the "discovery" section of his motion are not within the purview of Rule 16, including statements of witnesses and grand jury testimony or transcripts. Witness statements are addressed in Part VI of this Decision and Order, and defendant has not demonstrated that he is entitled to grand jury testimony under any of the applicable rules. To the extent defendant seeks other discovery that is not encompassed by Rule 16, or by the express terms of another Federal Rule of Criminal Procedure or Evidence, his request is denied.

6

it will disclose Rule 404(b) evidence and impeachment evidence at the time it is required to do so by the District Court, defendant's motion is denied as moot. The issue of admissibility of evidence pursuant to Federal Rules of Evidence 404(b), 608 and 609 is left to the determination of Judge Arcara at the time of trial.

IV. *Expert Disclosure*

Defendant requests the Government provide a list of any expert witnesses, the substance of any of their reports, and a summary of their anticipated testimony. (Dkt. No. 18, pg. 9). The Government has previously indicated that it has and will continue to comply with the requirements of Rule 16, which requires the production of information about expert witnesses in accordance with Federal Rules of Evidence 702, 703 and 705. In light of these representations, defendant's motion is denied as moot. The Court notes that, to the extent the Government intends to call expert witnesses, it is expected to comply with Rule 16, the Federal Rules of Evidence and Judge Arcara's pretrial order as they apply to expert testimony.

V. *Defendant's Statements*

Defendant moves for an evidentiary hearing to "determine the admissibility of any statements made to law enforcement." (Dkt. No. 18, pgs. 9-10). In light of the Government's representations at oral argument that it is unaware of any statements made by defendant to law enforcement, Allen's request is denied as moot.

7

VI. *List of Witnesses and Jencks Material*

Allen requests that the Government provide a list of witnesses and all statements and reports within the meaning of the Jencks Act no later than forty-eight hours prior to trial. (Dkt. No. 18, pgs. 16-17).

The Government has no general duty to disclose the identities of its witnesses before trial. *United States v. Bejasa*, 904 F.2d 137, 139 (2d Cir. 1990). Section 3500 of Title 18 of the United States Code requires that the government, on motion of defendant, disclose a government witness's prior statements that are in the government's possession and relate to the subject matter of the witness's direct testimony ("3500 material"). *See also Jencks v. United States*, 353 U.S. 657 (1957); Fed. R. Crim. P. 26.2 (procedure for producing a witness statement). A witness statement is defined as: (1) a written statement by a witness that is signed or otherwise adopted or approved by the witness; (2) a substantially verbatim recording or transcription of a witness's oral statement; or (3) any statement however taken or recorded made by the witness to the grand jury. 18 U.S.C. 3500(e). Statements are not required to be produced, by law, until after the witness has testified on direct examination, and the Court cannot mandate that they be produced sooner. *See* 18 U.S.C. §3500(a); Fed. R. Crim. P 26.2(a).

The Government indicates that it will disclose all 3500 material no later than two weeks prior to trial or as ordered by the District Judge. In light of these representations, defendant's request for early disclosure of Jencks Act material is denied as moot.

VII. *Brady/Giglio Material*

Defendant moves for the disclosure of any favorable, exculpatory or impeachment materials pursuant to *Brady*, *Giglio* and their progeny. (Dkt. No. 18, pgs. 10-16). The Government has an obligation to disclose exculpatory material, or material favorable to an accused as to either guilt or punishment, even when no affirmative request has been made. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Material "favorable to an accused" includes not only evidence that affirmatively tends to exculpate the defendant, but also information that impeaches the credibility of Government witnesses. *See Giglio v. United States*, 405 U.S. 150, 154-55 (1972). The test for materiality is whether "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). Evidence may be material for *Brady* purposes even if it is not admissible, as long as it could lead to the discovery of admissible evidence. *United States v. Gill*, 297 F.3d 93, 104 (2d Cir. 2002). "[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001). "[A]s long as a defendant possesses *Brady* evidence in time for its effective use, the government has not deprived the defendant of due process of law simply because it did not produce the evidence sooner." *Id*. at 144.

The Government submits that it is aware of its obligations and responsibilities under *Brady* and acknowledges its continuing duty under *Brady* to produce such material, if and when it is made aware of it. The Government agrees to provide impeachment *Giglio* material, *i.e.,* promises of leniency or immunity agreements with government

witnesses, plea and/or non-prosecution agreements and letters or memorandum of understanding regarding such, criminal arrest records of all prosecution witnesses, immoral, vicious or criminal acts committed by witnesses, prior inconsistent statements, any payments to witnesses or family members thereof, and all other promises or consideration given by government personnel to government witnesses or family members thereof, in accordance with the schedule set by the District Court prior to trial, and no later than when the Government produces and delivers 3500 material. (Dkt. No. 25, pgs. 10-11).

Given the Government's representations, defendant's motion to compel the production of *Brady*/*Giglio* material is denied as moot. Consistent with *Coppa*, the Government shall timely disclose any *Brady* and *Giglio* material to defendant. *See United States v. Padovani*, No. 14-CR-00224, 2016 WL 5402696, at *4 (WDNY Sept. 28, 2016).

VIII. *Leave to File Additional Motions*

Allen also moves to reserve the right to make further motions as necessary. (Dkt. No. 18, pg. 17). To the extent that defendant intends to bring motions based upon new information or evidence that has not yet been disclosed, his request for leave to file additional motions is granted. To the extent that defendant intends to bring motions concerning issues that could have been raised prior to the previous motion deadline, defendant's request is denied without prejudice to bring the motion upon a showing of good cause for the untimely filing.

IX.  *Reciprocal Discovery*

The Government moves for reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure. (Dkt. No. 25, pg. 14-15). During oral argument, defense counsel indicated that they are not in possession of any responsive documents, objects or material. Therefore, the Government's request is denied as moot. The defendant is reminded that his disclosure obligations continue up through and during trial. *See* Fed. R. Crim. P. 16(c).

## **CONCLUSION**

For the foregoing reasons, Kevin Allen Jr.'s pre-trial motions (Dkt. No. 18) and the Government's request for reciprocal discovery (Dkt. No. 25) are decided in the manner set forth above. The parties are directed to contact Judge Arcara's chambers to schedule a trial date.

**SO ORDERED**.

Dated:    November 30, 2017
          Buffalo, New York

*/s/ Michael J. Roemer*
MICHAEL J. ROEMER
United States Magistrate Judge